Sheed, J.,
delivered the opinion of the Court.
The defendant was arraigned in the Circuit Court of Sevier county, upon a presentment for disturbing public worship. The presentment was quashed upon defendant’s motion, and the Attorney General has appealed. The section of the Code upon which the presentment is founded is in the following words: “If any person wil-fully disturb or disquiet any assemblage of persons met for religious worship, by noise, profane discourse, rude or indecent behavior, or any other act, at or near the place of worship, he shall be fined not less than twenty nor more than two hundred dollars, and may also be imprisoned not exceeding six months in the common jail.” Code, 4853.
The presentment charges that the acts alleged were *7 unlawfully done, but does not charge that they were done “wilfully.” We bold that this is a fatal defect in an indictment or presentment for this offense, founded upon the Code. The word unlawfully is not the synonym of the word wilfully; nor can it be said that every act unlawfully done is wilfully done. The Code provides that all indictments for offenses designated by law, which are offenses at common law, are good if the offense is charged or described according to the common law: Sec. 5119. We are not aware that this was an offense at common law. The English statute of William and Mary, c. 18, provides, that if any person shall, wilfully, maliciously or contemptuously, disturb any congregation assembled in any church or permitted meeting house, or shall misuse any preacher or teacher there, he shall be bound over to the sessions of the peace, and forfeit twenty pounds: 4 Bl. Com., 54. So far as we are familiar with English forms of indictment for this offense, the word wilfully is invariably used, and under our statute we hold it essential. Though the point was not precisely in judgment in the case of The State v. Doty, 5 Cold., 34, yet the Court in that case intimate a like opinion. The rule is, that words found in the very definition of an offense, either at common law or in a statute, or some equivalent phrases, must be used in an indictment in charging the offense: Whart. Am. Cr. Law, 144. See Morrow v. The State, 10 Hum., 120.